DJB: USAO2021R00508

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. PX22CR100 |
| NICKOLAS ALEXANDER MATHIS, a/k/a "Tha Ment," a/k/a/ "Slick Flair," TRAVON DEMETRIUS HARDIE, a/k/a "Juug," and ▓▓▓▓▓▓▓▓▓▓▓▓ | * (Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349; Wire Fraud, 18 U.S.C. § 1343; Aggravated Identity Theft, 18 U.S.C. § 1028A; Aiding and Abetting, 18 U.S.C. § 2; Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c)) |
| Defendants | * |

*******

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Wire Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1. Defendants **NICKOLAS ALEXANDER MATHIS** ("MATHIS"), a/k/a "Tha Ment," a/k/a/ "Slick Flair," **TRAVON DEMETRIUS HARDIE** ("HARDIE"), a/k/a "Juug," and ▓▓▓▓▓▓▓▓▓▓▓▓ were residents of the Washington, D.C. tri-state metropolitan area.

2. The "Car Dealerships" (each a "Car Dealership") were automobile dealers located in the Atlantic region, primarily in Maryland and Virginia, that had arrangements with one or more lending institutions that provided loans to the Dealer's customers for the purchase of automobiles.

USDC- GREENBELT
'22 MAR 24 PM 3:12

3. The "Car Financing Lenders" (each a "Car Financing Lender") provided loans to customers of the Car Dealerships for the purchase of automobiles.

4. The "Online Portals" (each an "Online Portal") were online portal systems through which the Car Dealerships could submit a customer's loan application to the Car Financing Lenders. The electronic database and servers for each of the two Online Portals used by the Car Dealerships were located outside of Maryland.

5. The "Identity Theft Victims" were actual persons whose names, dates of birth, social security numbers, and other personal identifying information had been compromised. The majority of the Identity Theft Victims, including Identity Theft Victim 1, Identity Theft Victim 2, Identity Theft Victim 3, and Identity Theft Victim 4, were Maryland residents, though some of the Identity Theft Victims were out-of-state residents.

### The Conspiracy

6. From in or about November 2020 and continuing to at least in or about February 2022, in the District of Maryland and elsewhere, the defendants,

**NICKOLAS ALEXANDER MATHIS,**
a/k/a "Tha Ment,"
a/k/a/ "Slick Flair,"
**TRAVON DEMETRIUS HARDIE,**
a/k/a "Juug," and
████████████████

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to commit wire fraud, that is, to devise and intend to devise a scheme and artifice to defraud the Car Dealerships and Car Financing Lenders, and to obtain money and property from the Car Dealerships and Car Financing Lenders by means of false and fraudulent pretenses, representations, promises, and material omissions (the "scheme to

defraud"), and, for the purpose of executing and attempting to execute the scheme to defraud, to cause to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### The Purpose of the Conspiracy and the Scheme and Artifice to Defraud

7. It was the purpose of the conspiracy and scheme and artifice to defraud for **MATHIS, HARDIE**, and ▇▇▇▇ to purchase luxury automobiles from the Car Dealerships with loans from the Car Financing Lenders using the personal identifying information (including names, dates of births and social security numbers) of the Identity Theft Victims. By executing the conspiracy and scheme and artifice to defraud, **MATHIS, HARDIE**, and ▇▇▇▇ obtained and attempted to obtain at least $1,500,000 in luxury automobiles purchased with loans from the Car Financing Lenders.

### Manner and Means

It was part of the conspiracy and scheme to defraud that:

8. **MATHIS, HARDIE**, and ▇▇▇▇ purchased and attempted to purchase luxury automobiles from the Car Dealerships using loans from the Car Financing Lenders.

9. **MATHIS, HARDIE**, and ▇▇▇▇ when applying for automobile loans, included materially false information on applications submitted to the Car Dealerships and the Car Financing Lenders, including providing the personally identifying infromation of Identity Theft Victims as the purported purchasers of the automobiles and borrowers for the associated automobile loans.

10. **MATHIS, HARDIE**, and ▇▇▇▇ created and caused the creation of fake documents, including fake driver's licenses, in the names and using the personal identifying

information of the Identity Theft Victims, which the defendants presented to the Car Dealerships and the Car Financing Lenders in furtherance of the defendants' automobile loan applications.

11. **MATHIS**, **HARDIE**, and ▓▓▓▓▓, sent one another electronic messages using aliases, in which they discussed the creation of fake identification documents in the name of the Identity Theft Victims and coordinated the purchase of luxury vehicles.

12. **MATHIS**, **HARDIE**, and ▓▓▓▓▓ failed to make payments towards the automobile loans they had successfully obtained in the names of the Identity Theft Victims, and, in many instances, **MATHIS**, **HARDIE**, and ▓▓▓▓▓ removed the internal tracking devices from, and changed the vehicle identification number (VIN) of, the vehicles they obtained to avoid repossession of the vehicles by the Car Dealerships.

## Overt Acts

13. In furtherance of the conspiracy, and to effect its objects, the defendants and their coconspirators committed and caused to be committed the following acts, among others, in the District of Maryland and elsewhere:

    a. On or about December 22, 2020, **HARDIE** sent an electronic message to **MATHIS** with the personal identifying information of Identity Theft Victim 1. **HARDIE** and **MATHIS** then sent one another the following electronic messages in relevant part:

| 12/22/2020 | HARDIE | Dere you go |
|---|---|---|
| 12/22/2020 | HARDIE | Get DL [. . .] |
| 12/22/2020 | MATHIS | Bout to get DL [. . .] |

    b. On or about the same day, **HARDIE** and **MATHIS** exchanged additional messages relating to Identity Theft Victim 1. Among others, **HARDIE** sent **MATHIS** a message stating that Identity Theft Victim 1 had a "Social issued in NJ" and had "GRADUATED from Howard."

      c.      On or about December 23, 2020, **MATHIS** presented a fake driver's license reflecting the name and personal identifying information of Identity Theft Victim 1 but **MATHIS's** photograph to Car Dealership 1, which was located in Gaithersburg, Maryland.

      d.      On or about the same date, **MATHIS** submitted and caused to be submitted, through an Online Portal used by Car Dealership 1, a false and fraudulent loan application in the name and using the personal identifying information of Identity Theft Victim 1. **MATHIS** thereafter successfully obtained, in the name of Identity Theft Victim 1, financing to purchase from Car Dealership 1 a 2015 Mercedes Benz S-550 with the VIN ending 78938.

      e.      On or about May 28, 2021, **MATHIS** and **HARDIE** sent one another the following electronic messages in relevant part:

| 5/28/2021 | MATHIS | Need a face |
|---|---|---|
| 5/28/2021 | MATHIS | Lmk when it's ready |
| 5/28/2021 | HARDIE | Ok |
| 5/28/2021 | HARDIE | im making face now |

      f.      On or about June 14, 2021, **HARDIE** sent **MATHIS** an electronic message with the personal identifying information of Identity Theft Victim 2. Later in the conversation, **HARDIE** sent **MATHIS** a message stating that Identity Theft Victim 2 was "a pastor."

      g.      On or about June 15, 2021, ▇▇▇ presented a fake driver's license reflecting the name and personal identifying information of Identity Theft Victim 2 but ▇▇▇ photograph to Car Dealership 2, which was located in Randallstown, Maryland.

      h.      On or about the same date, ▇▇▇ completed and caused to be completed at Car Dealership 2 a credit application in the name and using the personal identifying information of Identity Theft Victim 2. ▇▇▇ fled Car Dealership 2 before any financing was obtained and ▇▇▇ did not obtain a vehicle. **MATHIS** was present

outside of Car Dealership 2 while ▮▮▮▮ attempted to purchase a vehicle using the personal identifying information and fake driver's license in the name of Identity Theft Victim 2.

    i.    On or about June 17, 2021, **HARDIE** sent **MATHIS** an electronic message containing the name and personal identifying information of Identity Theft Victim 3. **HARDIE** thereafter sent **MATHIS** two electronic messages stating, "Had technical difficulties," "Printing backs now." **MATHIS** responded, "Ok."

    j.    On or about June 17, 2021, ▮▮▮▮ presented a fake driver's license reflecting the name and personal identifying information of Identity Theft Victim 3 but ▮▮▮▮ photograph to Car Dealership 3, which was located in White Marsh, Maryland.

    k.    On or about the same date, ▮▮▮▮ submitted and caused to be submitted, through an Online Portal used by Car Dealership 3, a false and fraudulent loan application in the name and using the personal identifying information of Identity Theft Victim 3. ▮▮▮▮ thereafter successfully obtained, in the name of Identity Theft Victim 3, financing to purchase from Car Dealership 3 a 2018 Porsche Panamera with VIN ending 01260.

    l.    On or about August 3, 2021, **MATHIS** was driving the 2018 Porsche Panamera with VIN ending 01260 in Washington, D.C., during which time **MATHIS** was arrested.

    m.    On or about September 29, 2021, **HARDIE** sent **MATHIS** an electronic message stating, "Send me the pro." Approximately one minute later, **MATHIS** responded "I'm getting now." **MATHIS** then sent **HARDIE** the name and personal identifying information for Identity Theft Victim 4.

    n.    On or about October 15, 2021, **MATHIS** and **HARDIE** presented and caused to be presented to Car Dealership 4, which was located in Annapolis, Maryland, a fake

driver's license reflecting the name and personal identifying information of Identity Theft Victim 4 but **MATHIS's** photograph.

    o.  On or about the same date, **MATHIS** and **HARDIE** submitted and caused to be submitted, through an Online Portal used by Car Dealership 4, a false and fraudulent loan application in the name and using the personal identifying information of Identity Theft Victim 4. **MATHIS** and **HARDIE** thereafter successfully obtained, in the name of Identity Theft Victim 4, financing to purchase from Car Dealership 4 a 2016 Mercedes Benz S-550 with VIN ending 40885.

    p.  On or about October 18, 2021, **MATHIS** and **HARDIE** caused a representative of Car Dealership 4 to deliver the 2016 Mercedes Benz S-550 with VIN ending 40885 to a mall located in Hanover, Maryland. At that time, an individual purporting to be Identity Theft Victim 4 signed purchase and financing paperwork in the name of Identity Theft Victim 4.

    q.  On or about November 20, 2021, **MATHIS** was driving the 2016 Mercedes Benz S-550 with VIN ending 40885 in Anne Arundel County, Maryland, during which time **MATHIS** was arrested.

18 U.S.C. § 1349

## COUNTS TWO AND THREE
### (Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 5 and 7 through 12 of Count One are incorporated here.

2. On or about the dates set forth in the table below, in the District of Maryland and elsewhere, the defendants,

**NICKOLAS ALEXANDER MATHIS,**
a/k/a "Tha Ment,"
a/k/a/ "Slick Flair,"
**TRAVON DEMETRIUS HARDIE,**
a/k/a "Juug," and
█████████████

for the purpose of executing and attempting to execute the scheme to defraud, did transmit and cause to be transmitted by means of wire communication, in interstate and foreign commerce, the following writings, signs, signals, pictures, and sounds:

| COUNT | DEFENDANT(S) | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|---|
| 2 | MATHIS HARDIE | December 23, 2020 | Electronic submission via Car Dealership 1, located in Maryland, of a credit application in the name and using the personal identifying information of Identity Theft Victim 1 through an Online Portal located outside of Maryland. |
| 3 | MATHIS HARDIE ███ | June 17, 2021 | Electronic submission via Car Dealership 3, located in Maryland, of a credit application in the name and using the personal identifying information of Identity Theft Victim 3 through an Online Portal located outside of Maryland. |

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNT FOUR
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 5 and 7 through 12 of Count One are incorporated here.

2. On or about December 23, 2020, in the District of Maryland and elsewhere, the defendants,

**NICKOLAS ALEXANDER MATHIS,**
a/k/a "Tha Ment,"
a/k/a/ "Slick Flair," and
**TRAVON DEMETRIUS HARDIE,**
a/k/a "Juug,"

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)—that is, wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count Two and incorporated here— knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, the name, date of birth, and Social Security Number of Identity Theft Victim 1.

18 U.S.C. § 1028A
18 U.S.C. § 2

## COUNT FIVE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 5 and 7 through 12 of Count One are incorporated here.

2. On or about ~~December 23, 2020, in~~ June 17, 2021 the District of Maryland and elsewhere, the defendants,

**NICKOLAS ALEXANDER MATHIS,**
a/k/a "Tha Ment,"
a/k/a/ "Slick Flair,"
**TRAVON DEMETRIUS HARDIE,**
a/k/a "Juug," and
█████████████

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)—that is, wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count Three and incorporated here—knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, the name, date of birth, and Social Security Number of Identity Theft Victim 3.

18 U.S.C. § 1028A
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendants' conviction under any of the offenses alleged in Counts One through Three of this Indictment.

### Wire Fraud Forfeiture

2. Upon conviction of any of the offenses alleged in Counts One through Three of this Indictment, the defendants,

**NICKOLAS ALEXANDER MATHIS,**
a/k/a "Tha Ment,"
a/k/a/ "Slick Flair,"
**TRAVON DEMETRIUS HARDIE,**
a/k/a "Juug," and
[REDACTED]

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

### Substitute Assets

3. If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek L. Barron*
Erek L. Barron
United States Attorney

A TRUE BILL:

███████████████
Foreperson

Date: 24 MAR 2022